## Case No. 14,928.

### UNITED STATES v. DAVIS.

[15 Int. Rev. Rec. 10.]

District Court, N. D. Mississippi. Dec. Term, 1871.

VIOLATION OF INTERNAL REVENUE LAWS—ILLICIT DISTILLERY—INDICTMENT—ENTRY ON MINUTES.

[1. If one is engaged in running a distillery upon which the special tax has not been paid, it is immaterial whether he is the owner or has any interest in it, or whether he knows that the special tax has not been paid. If he is acting merely as the agent of another, it is his duty to ascertain whether the law had been complied with.]

[2. It is no ground for arresting a verdict in Mississippi that the minutes of the court do not show that the grand jury returned into court the indictment indorsed and signed by the foreman as a true bill. stating the name of the defendant and the offence with which he is charged. Under the Code of that state, the clerk is required to indorse on the indictment the word "Filed," with the date and his signature as clerk; but no entry is made showing the finding of the indictment unless the party be under arrest or on recognizance.]

[This was an indictment against M. A. Davis upon the charge of keeping an illicit distillery.]

G. Wiley Wells, U. S. Atty.

H. A. Barr and Samuel Ghoulson, for the defence.

HILL, District Judge. The indictment against the defendant contains three counts, based upon the 44th, 7th, and 4th sections of the act of July 20, 1868 [15 Stat. 125]: (1) That the defendant, with one George Davis, carried on the business of a distiller without having paid the special tax therefor as required by law, and with intent to defraud the United States of the tax on the spirits distilled by him. (2) That the defendant and said George Davis carried on the business of distilling spiritous liquors without having given the bond therefor, as required by law. (3)

That the defendant and said George Davis did make mash, wort, and wash in a building other than a distillery duly authorized according to law.

The testimony of the seizing officer was, that when he seized said distillery it was in operation and was under the management of the defendant, who then said that he was not the owner, but was employed to carry on the distillery by his brother George Davis, who was then in North Carolina. He found there was nothing about the distillery meeting the requirements of the law to constitute it a lawful distillery; that no special tax had been paid, nor any bond given, nor was it insisted by defendant that any attempt had been made to comply with the law, or that it was in any way a legally authorized distillery. The defendant then proved by a witness that George Davis said to defendant that he would pay him (the defendant) twenty dollars per month, and hire a colored man to work on his farm, if he would carry on his distillery for him; that he afterwards saw him at work in the distillery; said witness also proved that the distillery was situated on the land of the defendant, in a building that had been built for that purpose some years since.

THE COURT (charging jury). The indictment charges the defendant, with one George Davis, who is not on trial, in three separate counts, for violations of the revenue laws of the United States. The first count charges that said parties carried on the business of distillers without having paid the special tax therefor, as required by law, and with intent to defraud the United States of the tax on the spirits distilled by them. The second count charges them with having carried on said business without having given the bond therefor, as required by law. The third count charges them with having made wort and wash in a building other than a legally authorized distillery.

All men are presumed to be innocent until the contrary is shown by sufficient proof. That proof should satisfy your minds so that you can rest easy upon the conclusion of guilt, and if it does not so satisfy the mind, you should acquit the defendant. It is incumbent upon the United States to produce such proof, either by their own evidence, or it should arise out of the evidence of the defendant.

To authorize a verdict of guilty under the first count, it is necessary that the proof should satisfy you, as already stated, that the defendant did carry on the business of a distiller, either for himself, or for himself and another, or for another, without having paid the special tax as required by law, and with intent to defraud the United States of the revenue arising from the same. If you shall be satisfied that the business was so carried on, then it is incumbent upon the defendant to show that the special tax was paid; this being required of him, or of the owner; also,

that he was not the owner; it devolves upon the person charged, to show a compliance with the requirement of the law, and that not having been shown by the evidence, the presumption of law is that it has not been done. To carry on the business without having paid the special tax, has the effect to defraud the government of the tax, and the legal presumption is that such was the intention of those who carried it on. If the defendant was not interested in the distillery or its proceeds, yet if he was engaged in running it, or carried it on as the agent of the owner, it was incumbent upon him to know that the special tax was paid, and if he did not do so, then all the presumptions of the law arise against him that do against the owner. The proof shows that the defendant was the owner of the land upon which the still was situate, and that he was the party actually engaged in running it; these facts raise the presumption that he was the owner, and it is incumbent upon him to show by sufficient evidence that he was not such owner.

To justify you in finding a verdict of guilty against the defendant upon the second count you must be satisfied from the proof that he did engage in carrying on the business of a distiller without having given the bond therefor as required by law. It is immaterial whether he was the owner, partner, or agent of the owners; if he was engaged in carrying on the business it was incumbent upon him to ascertain and know that the bond was given as required by law, and if he neglected to do so, and the bond was not given, you will find the defendant guilty as charged under this count; an intention to defraud need not be alleged, or proved; the act makes it an offence to carry on the business without first giving the bond.

To justify you in finding a verdict of guilty against the defendant in the third count, the evidence should satisfy you that the defendant did make mash, wort, or wash in a building other than in a legally authorized distillery; if the proof satisfies you that he did make mash, wort, or wash fit for distillation in the building stated in the proof, you will find the defendant guilty under this count, as he has not shown or offered to show that it was a legally authorized distillery.

If the proof satisfies you of the guilt of the defendant in all the counts in the indictment, you will find a verdict of guilty; if it fails to satisfy you of his guilt in any of said counts, you will find a verdict of not guilty; but if you find him guilty in any one or two of the counts, you will find a verdict of guilty in such count or counts, specifying them, and not guilty in the other or others.

The jury returned a verdict of guilty as to the two first counts, and not guilty as to the third.

The defendant moved the court for a new trial upon the allegation that the court misdirected the jury both as to the first and second counts, and by his counsel insisted that the court should have directed the jury that they should return a verdict of not guilty upon the first count unless the proof satisfied them that the defendant was the owner of the distillery, or had an interest in it, or that he knew that the special tax had not been paid. And that the court should have instructed the jury that unless the proof satisfied them that the defendant was interested in the distillery as owner, or part owner, or that he carried it on with intent to defraud the government of the special tax, or that he knew it had not been paid and that he carried it on with the intent to defraud the government of its revenue. Also that the presumption was that the bond had been given and it was incumbent on the prosecution to show that defendant knew or had good cause to believe that it had not been so given.

After full argument had by the defendant's counsel and the district attorney, it was ordered by THE COURT that said motion be overruled. The defendant then moved the court in arrest of the judgment on said verdict on the grounds that the record did not show the finding and return of the indictment by the grand jury.

The record shows that on the 4th day of July, 1871, the grand jury returned into court in a body and returned a bill of indictment, No. 489, against the persons therein named, and for the offences therein named, indorsed by the foreman a true bill, signed by him as such foreman, and returned to consider further of presentments. The indictment has upon it the following number and indorsement: "No. 489. Filed July 4, 1871. 2 copies issued. G. R. Hill, Clerk."

It was contended by defendant's counsel that by the common law as well as by the statutes of every state, the minutes of the court must show that the grand jury returned into court the indictment indorsed and signed by the foreman a true bill, stating the name of the defendant and the offence with which he is charged. Otherwise no conviction and judgment can be legally had upon such indictment.

After argument by counsel, THE COURT held that, while the rule contended for might have prevailed at common law, and might prevail in some other states, such was not the case in this state, the provisions of the Code being that the clerk shall indorse on the indictment "Filed" with the date, and sign his name, as clerk; but that no entry shall be made showing the finding of the indictment on the minutes of the court, unless the party shall be under arrest or on recognizance, and that the fact of the return of the indictment shall not be made known to any but the court and its officers until after the arrest of the parties charged. This is the law, not only in this state, but in many other states, and is for the purpose of preventing escapes. This court, conforming as nearly as possible to the

state laws, has since its organization adopted the same rule, with this addition, that the minutes do show the return of the bill by its number, which number, under the inspection of the court and the entry on the minutes of the return with the number, is also done under the inspection of the judge, so that almost if not quite as much certainty is obtained for the protection of the defendant as under the practice insisted upon, and that the reasons offered in support of the motion are insufficient, and the motion is thereupon overruled.

The facts showed that the defendant is a man in very moderate circumstances, with a large family and feeble wife dependent upon him for support; that the distillery was a very small concern, situate in a remote neighborhood; and that the probabilities are that he was ignorant as to the revenue laws, and, in consideration of which, the court imposed a fine of one thousand dollars, and six months' imprisonment, and expressed the hope that the executive clemency may grant him and his dependent family relief.